UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
THOMAS P. ANDERSON,                    MEMORANDUM
                                       : OPINION AND ORDER
                Plaintiff,
                                       : 04 Civ. 8180 (SAS)(DFE)
    - against -
                                       :
SOTHEBY'S INC. SEVERANCE PLAN,
ADMINISTRATOR OF THE SOTHEBY'S         :
INC. SEVERANCE PLAN, and SOTHEBY'S
HOLDINGS, INC.,                        :

                Defendants.            :
------------------------------------------------------------X
SHIRA A. SCHEINDLIN, U.S.D.J.:

      The Administrator of the Sotheby's Inc. Severance Plan (the "Administrator") moves to dismiss Count VI of plaintiff's Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In Count VI, plaintiff seeks an assessment of statutory penalties against the Administrator pursuant to section 502(c) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(c), for alleged violations of ERISA's implementing regulations. For the following reasons, the Administrator's motion is granted and Count VI is dismissed.

## I. FACTS

Plaintiff's First Amended Complaint alleges that the Plan Administrator violated ERISA's implementing regulations on two separate occasions. *First*, following the Administrator's initial denial of plaintiff's claim for benefits under the Sotheby's, Inc. Severance Plan (the "Plan") on July 16, 2004, plaintiff requested "copies of all documents and records relating to his claim and the Plan Administrator's review of his claim [including] any notes, transcripts, summaries, or other records describing or relating to the Plan Administrator's interviews with Cendant representatives." First Amended Complaint ¶ 51. Although the Administrator responded, plaintiff claims the response was incomplete. *See id.* ¶ 53. Specifically, the response did not include "any notes, transcripts or summaries of interviews with the Cendant employees on which it purported to rely, any legal authority or any documents to support an offer to Mr. Anderson by Cendant of a comparable position and comparable compensation." *Id.*

*Second*, following the Administrator's denial of plaintiff's appeal on September 20, 2004, plaintiff against requested copies of "all document that the Administrator relied upon in determining his appeal, including the notes of the additional interviews with Cendant representatives." *Id.* ¶ 55. By letter dated

December 22, 2004, the Administrator acknowledged that it had "inadvertently failed" to send plaintiff the administrative record. *See id.* ¶ 57. The Administrator enclosed one new document with that letter but did not produce "any notes, transcripts, or summaries of interviews" with Cendant employees. *Id.*

In Count VI, Claim for Penalties Under ERISA Against the Administrator, 29 U.S.C. § 1132(c), plaintiff alleges that "the Administrator refused to produce material portions of the record, including notes of interviews with Cendant representatives who purported to assert that Cendant had offered Mr. Anderson a comparable position with comparable compensation." *Id.* ¶ 96. Plaintiff claims that he has been prejudiced by the Administrator's failure to produce the full record "as required by ERISA and its implementing regulations," *id.* ¶ 97, and that this failure entitles him to statutory penalties against the Administrator pursuant to section 502(c) of ERISA. According to plaintiff, the failure to produce the requested documents violates two paragraphs – (i) and (j) – of the regulations promulgated pursuant to ERISA at 29 C.F.R. §§ 2560.503-1.

## II. LEGAL STANDARD

A motion to dismiss should be granted only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief.'" *Weixel v. Board of Educ. of New York*, 287 F.3d 138,

3

145 (2d Cir. 2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (alterations omitted)). At the motion to dismiss stage, the issue "is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims. Indeed, it may appear on the face of the pleading that a recovery is very remote and unlikely, but that is not the test." *Phelps v. Kapnolas*, 308 F.3d 180, 184-85 (2d Cir. 2002) (quotation omitted).

A complaint need not state the legal theory, facts, or elements underlying the claim except in certain instances. Pursuant to the simplified pleading standard of Rule 8(a) of the Federal Rules of Civil Procedure, "a complaint must include only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting Rule 8(a)(2)). The task of the court in ruling on a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of evidence which might be offered in support thereof." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 176 (2d Cir. 2004) (internal quotation marks and citation omitted). When deciding a motion to dismiss, courts must accept all factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002); *Weinstein v. Albright*, 261 F.3d 127, 131-

32 (2d Cir. 2001).

## III. DISCUSSION

Section 502(c) of ERISA states that "[a]ny administrator . . . who fails or refuses to comply with a request for any information which such administrator is required *by this subchapter* to furnish to a participant or beneficiary . . . may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal . . . ." 29 U.S.C. § 1132(c)(1) (emphasis added). The subchapter referred to is Subchapter I of Title 18, entitled "Protection of Employee Benefit Rights," which includes Subtitle A, General Provisions, and Subtitle B, Regulatory Provisions, and encompasses sections 1001 through 1191c.

In seeking damages, plaintiff is not relying on the text of the statute. Instead, Count VI is predicated on violations of the implementing regulations found at 29 C.F.R. § 2560.503-1. Those regulations impose duties on both plans and plan administrators. The following paragraph applies to plans:

> (h) Appeal of adverse benefit determinations.
>
> (1) In general. Every employee benefit plan shall establish and maintain a procedure by which a claimant shall have a reasonable opportunity to appeal an adverse benefit determination to an appropriate named fiduciary of the plan, and under which there will be a full and fair review

5

> of the claim and the adverse benefit determination.
>
> (2) Full and fair review. [T]he claims procedures of a plan will not be deemed to provide a claimant with a reasonable opportunity for a full and fair review of a claim and adverse benefit determination unless the claims procedures–
>
> (iii) Provide that a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits.

29 C.F.R. § 2560.503-1(h).

When there is an adverse benefit determination on review, the Plan Administrator (as opposed to the Plan) shall provide access to, and copies of, documents, records, and other information described in paragraph (j)(3) of the regulation. *See* 29 C.F.R. § 2560.503-1(i)(5) ("In the case of an adverse benefit determination on review, the plan administrator shall provide such access to, and copies of, documents, records, and other information described in paragraphs (j)(3), (j)(4), and (j)(5) of this section as is appropriate."). Paragraph (j) provides, in relevant part, as follows:

> The plan administrator shall provide a claimant with written or electronic notification of a plan's benefit determination on review. . . In the case of an adverse benefit determination, the notification shall set forth, in a manner calculated to be understood by the claimant–

> (1) The specific reason or reasons for the adverse determination;
>
> (2) Reference to the specific plan provisions on which the benefit determination is based;
>
> (3) A statement that the claimant is entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits.

29 C.F.R. § 2560.503-1(j)(1)-(3). In sum, after an initial adverse determination, it is the Plan's duty to provide the claimant with all relevant documentation. On appeal, it becomes the Plan Administrator's duty to do the same. Plaintiff is relying on 29 C.F.R. §§ 2560.503-1(i) & (j) to hold the Plan Administrator liable under section 502(c).

The question, then, is whether statutory penalties can be assessed against the Plan Administrator under section 502(c) for violations of ERISA's implementing regulations. The Third Circuit answered this question in the negative in *Groves v. Modified Retirement Plan*, 803 F.2d 109 (3d Cir. 1986). In *Groves*, the parties agreed that two former subsections of 29 C.F.R. § 2560.503-1 were violated - subsection (f) when the Plan Administrator denied plaintiff's claim without providing a reason and subsection (g) when the Plan refused to release medical records on which the denial was based. *See Groves*, 803 F.2d at 110. The

court held that neither of these violations exposed the Plan Administrator to section 502(c) sanctions.

> [W]e hold that failure to perform the duties imposed by ERISA § 503 and subsection (g), requiring the disclosure of medical records, do not render a plan administrator liable to § 502(c) sanctions because both § 503 and subsection (g) impose duties expressly and exclusively on "the plan," not upon the "plan administrator." Neither does the administrator's breach of subsection (f), by denying Groves disability benefits without articulating reasons for that denial, expose the administrator to § 502(c) sanctions. Although subsection (f) does impose a duty directly upon the administrator, and not upon the plan, § 502(c) imposes sanctions only for failure to fulfill obligations imposed by "this subchapter." We believe that the words "this subchapter" in § 502(c) refers only to violations of statutorily imposed obligations, and that the term does not embrace violations of regulations promulgated pursuant to the statute.

*Id. See also id.* at 113 ("[B]ecause § 502(c) authorizes sanctions only for failure to perform duties imposed by 'this subchapter,' we hold that sanctions may not be imposed on a plan administrator for his failure to fulfill obligations imposed only by regulations promulgated pursuant to ERISA. Thus while subsection (f) does impose duties on plan administrators, we believe that § 502(c) sanctions are not available for failure to fulfill those duties.").[1]

---

[1] Examples of the types of information an administrator is statutorily bound to disclose can be found at 29 U.S.C. § 1024(b)(4), which states that an "administrator shall, upon written request of any participant or beneficiary, furnish

The holding in *Groves* was adopted ten years later by the Seventh Circuit in *Wilczynski v. Lumbermens Mut. Cas. Co.*, 93 F.3d 397 (7th Cir. 1996). In that case, the district court concluded that 29 U.S.C. § 1132(c) did not apply to Lumbermens' failure to provide plaintiff with the claim file. *See Wilczynski*, 93 F.3d at 401. The district court reasoned that this statutory fine provision applied only to documents that are required to be furnished pursuant to the text of ERISA and that plaintiff's entitlement to the claim file was covered by the Code of Federal Regulations. *See id.* The Seventh Circuit agreed, citing *Groves* for the proposition that "because section 1132(c) authorizes penalties only for an administrator's refusal to comply with a request for information required to be furnished by 'this subchapter,' 29 U.S.C. § 1132(c), the sanctions imposed by that section may not be imposed for the violation of an agency regulation." *Id.* at 406. The court therefore held that the civil penalties of 29 U.S.C. § 1132(c) did not apply to plaintiff's claim.[2] See *id*. at 407.

---

a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated."

[2] *Wilczynski* in effect overruled *Zanella v. Principal Mut. Life Ins. Co.*, 878 F. Supp. 144 (E.D. Wis. 1995), the only case cited by plaintiff that expressly supports his position. *See id.* at 147 ("In light of Seventh Circuit case law, this court concludes that Zanella may pursue civil penalties under § 1132(c) for alleged violations of § 1133 and the implementing regulations at § 2560.503-1(f).").

## IV. CONCLUSION

Given the express wording of section 1132 and the judicial interpretations found in *Groves* and *Wilczynski*, I conclude that a violation of ERISA's implementing regulations cannot support the imposition of sanctions under section 1132, regardless of whether the implementing regulations place the burden of disclosure on the plan or the plan administrator. Therefore, because Count VI cannot survive as a matter of law, it is hereby dismissed.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
May 31, 2005

---

Although plaintiff also cites *Armstrong v. Liberty Mut. Life Assurance Co. of Boston*, 273 F. Supp. 2d 395 (S.D.N.Y. 2003), that case is of limited benefit as the court assumed the applicability of section 1132(c) without analysis. *See id.* at 409 ("Plaintiff's third cause of action seeks relief under 29 U.S.C. § 1132(c)(1)(B). That provision provides that a court may impose a fine (up to $100 per day) upon a plan administrator who fails to provide information to a participant or beneficiary *as required by the statute*. Plaintiff alleges that defendants did not comply with 29 C.F.R. § 2560.503-1 by failing to provide information during the administrative appeals process.") (emphasis added).

## - Appearances -

**For Plaintiff:**

Christine N. Kearns, Esq.
Julia E. Judish, Esq.
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000

**For Defendants:**

Karen M. Wahle, Esq.
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, D.C. 20006
(202) 383-5300

Elizabeth Seabury, Esq.
O'Melveny & Myers LLP
7 Times Square
New York, New York 10036
(212) 326-2000